[Civ. No. 8668. Second Appellate District, Division One.—May 20, 1935.]

TERU SHIRAKAWA, Respondent, v. COLONIAL MUTUAL LIFE ASSOCIATION, Appellant.

Scott McReynolds and Charles R. Thompson for Appellant.

J. B. Mandel for Respondent.

CONREY, P. J.—After the filing and service of complaint in this action and overruling of a demurrer to the complaint, the defendant filed its answer. Thereafter the defendant gave notice of motion for judgment on the pleadings. Hearing on this motion was continued from June 22 to July 1, 1932. On July 1st at the time when the motion was presented, plaintiff's attorney was not present in court and the motion was granted. A few days later the plaintiff gave notice of

motion "to set aside judgment under section 473" of the Code of Civil Procedure. The notice did not directly state the grounds thereof, but it did state that the motion would be based upon the affidavit in support thereof, which affidavit made by the plaintiff's attorney was duly served and filed. At the call of the motion on July 26th, the parties were represented by their respective attorneys, and the motion was heard and granted. The evidence at the hearing consisted of the affidavit of the plaintiff's attorney and a counteraffidavit by the defendant's attorney. The present appeal is an appeal by the defendant from the order granting said motion and vacating the judgment.

Appellant makes the following statement of questions involved. "Is a notice of motion to vacate a judgment, rendered upon a motion for judgment on the pleadings, sufficient where said notice of motion: 1. Fails to state the grounds upon which it is made; 2. Was not accompanied with a copy of any proposed amended complaint; 3. Does not seek permission to file an amended complaint?"

It does not appear that the notice of motion contained a direct and specific statement of the grounds upon which it would be made, or that it was accompanied with a copy of the proposed amended complaint, or that it contained any request to be permitted to file any amended complaint. It does appear, however, that defendant by its attorney responded to the merits of the motion without making any objection to these or any defects in the notice of motion. It further appears that a copy of the proposed amended complaint had been delivered by the plaintiff's attorney to the defendant's attorney, and the proposed complaint had been delivered to the clerk of the court for filing. Apparently all of this was well understood at the time of the hearing of the motion, and it cannot be said that either court or counsel was misled by the notice of motion or by the fact that it was not "accompanied by a copy of the proposed amended complaint". Under these circumstances it cannot be said that the "statement of questions involved" presents any question which is the proper subject of an appeal upon the facts as shown by the record herein. We think that the appeal was frivolous and that manifestly it was made for purposes of delay.

For the foregoing reasons, the order is affirmed, and respondent is allowed, in addition to her other costs, damages in the sum of $100.

Houser, J., and York, J., concurred.